******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom ZARELLA, J., joins, concurring in the denial of the state's motion to stay. I write this concurring opinion to explain why, despite the fact that I voted to grant the state's motion to reconsider this court's decision in *State* v. *Santiago*, 318 Conn. 1,     A.3d     (2015) (*Santiago II*), I have now voted to deny the state's motion to stay the judgment in that case pending resolution of the separate appeal in *State* v. *Peeler*, Docket No. SC 18125. In *Santiago II*, supra, 140, a majority of this court concluded that the death penalty is now unconstitutional under our state constitution as the result of the prospective abolition of the death penalty in No. 12-5 of the 2012 Public Acts. The state filed a motion for argument and reconsideration of that decision claiming that the majority had addressed numerous issues that the defendant, Eduardo Santiago, had not raised and that the state had not had an opportunity to brief, which a majority of this court denied. *State* v. *Santiago*, 319 Conn. 912,     A.3d     (2015) (*Santiago III*). The state also filed a motion for permission to brief these issues in *Peeler*, which this court granted. The state now has filed a motion requesting that this court stay the judgment in *Santiago II* until the court has decided the issue of the constitutionality of the death penalty as a matter of first impression in *Peeler*.

For the following reasons, I have concluded that the state's motion to stay must be denied. The appeal in *Santiago II* was decided, the motion for argument and reconsideration was denied and, therefore, the decision is now final. Although I continue to believe that the majority in *Santiago II* unfairly denied the state an opportunity to address many of the issues on which the majority based its decision holding that the death penalty is unconstitutional under the state constitution; see *Santiago III*, supra, 319 Conn. 912–13 and n.1 (*Rogers*, *C. J.*, dissenting from denial of state's motion for argument and reconsideration of *Santiago II*); a majority of the court has spoken on that issue, and the orderly administration of justice compels me to abide by its decision. I cannot and will not ignore our ordinary policies and procedural rules governing the finality of judgments because their application in a particular instance leads to a result with which I happen to strongly disagree.[1] I am compelled to follow these rules because doing otherwise would in the long term undermine the public faith in the integrity of this court, which is ultimately the sole basis of its authority.

I also briefly address the majority's latest argument in support of its claim that, contrary to the state's representations in its motion for argument and reconsideration of our decision in *Santiago II* and in the present

motion to stay, the state was in fact on notice that this court would consider numerous issues that the defendant did not expressly raise. Procedurally, I believe that the majority's eleventh hour attempt to justify the majority opinion in *Santiago II* is irregular. If the majority believed that the state's brief in *Santiago II* demonstrates that it was on notice of the claims that the state, I and two other members of this court contend were not properly before the court, the time for it to say so was in the original majority opinion, when the issue of lack of notice to the state had been specifically raised in my dissenting opinion. Substantively, the majority points out that the state responded to the specific issues raised by the defendant in support of his claim that our state constitution's due process clauses provide greater protection from the execution of the death penalty after prospective repeal than does the eighth amendment to the United States constitution under *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992). It then appears to contend that this fact somehow demonstrates "[q]uite clearly" that the state must have been on notice that this court would consider any and all issues that could possibly support the defendant's state constitutional claim, even though the defendant had not expressly raised the issue, this court had expressly considered and rejected most of these issues a mere one and one-half years before oral argument in *Santiago II*; see *State* v. *Rizzo*, 303 Conn. 71, 184–201, 31 A.3d 1094 (2011), cert. denied,     U.S.    , 133 S. Ct. 133, 184 L. Ed. 2d 64 (2012); and this court had just reaffirmed *Rizzo* and summarily rejected the defendant's state constitutional claim *in this very case*. See *State* v. *Santiago*, 305 Conn. 101, 306, 49 A.3d 566 (2012). For the reasons that I previously have discussed at length in my dissenting opinions in *Santiago II* and *Santiago III*, the majority's contention does not withstand scrutiny. It would serve no purpose to repeat those arguments here.

[1] I agree with the defendant's contention in his opposition to the state's motion to stay that there is no authority for the proposition that this court may stay a judgment in a particular case pending resolution of a similar issue in an entirely separate case. Although this court has occasionally arranged its docket so that similar issues raised in separate cases may be decided at the same time, I am aware of no case in which it has followed the procedure that the state is advocating. I emphasize, however, that I express no opinion here as to whether the decision in *Santiago II* will be binding on this court in *Peeler*, an issue that must be decided not in the present case, but in *Peeler*.